ANGELINE GRANT and others, petitioners for partition,

*vs.*

WILLIAM MITCHELL and others.

Washington. Opinion June 4, 1890.

*Illegitimacy. Adoption. Statute acknowledgment. Evidence. Presumption of legitimacy. R. S., c. 75, § 3.*

Upon a petition for partition, two of the respondents claimed title not as legitimate children of the decedent, but as illegitimate, adopted and made his heirs, by virtue of R. S., c. 75, § 3. *Held*: that it must first appear that, in thus claiming, they were illegitimate. The statute operates only in cases of illegitimacy.

Nor can the subsequent marriage, adoption, or acknowledgment be taken as proof of the illegitimacy, as between the decedent's legitimate heirs and those claiming to be his illegitimate heirs.

The presumption of legitimacy of a child, born in wedlock, is so strong that it can not be overcome by proof of the wife's adultery, while cohabiting with her husband; much less by the mere admission of the adulterer.

The fact of illegitimacy is for the jury. It would be error to assume in the case of children born before the marriage of the mother with the decedent, that the statute acknowledgment is effectual to establish their claim as his heirs.

ON MOTION AND EXCEPTIONS.

This was a petition for partition, brought by five of the heirs

of William Mitchell late of Machiasport, deceased, against their co-heir William Mitchell, Jr., for the partition of the real estate of which their father died seized and possessed.   In the petition it was alleged that the petitioners and the said respondent are each seized of one undivided sixth part of said real estate as heirs-at-law of said William Mitchell.   Before trial, one Linnie A. Cooper, and one Corris E. Mitchell filed their joint petition for leave to appear and defend on the ground that they were heirs of said Mitchell, and as such entitled to participate in the partition of his real estate.   Thereupon, by leave of court, they appeared and filed their several pleas alleging that they each were seized of one undivided eighth part of the premises described in the petition.   This was denied by the petitioners. The original respondent, William Mitchell, Jr., did not appear and was defaulted.   The verdict was that the said two respondents, together with the original parties, each were seized of one undivided eighth part of the premises described in the petition.

Besides a motion for a new trial, the petitioners excepted to certain portions of the charge to the jury which are found enclosed in brackets below, in the charge.   The principal issue in the case was whether Linnie A. Cooper and Corris E. Mitchell, co-respondents, were legal heirs of William Mitchell.

The material portions of the charge to the jury are as follows :
.  .  .   "It is admitted that William Mitchell was seized in fee of the premises described in the petition.   It is admitted that all the petitioners were his children and lawful heirs.

"It is admitted that one of the defendants, William Mitchell, was also his lawful heir.

"It is denied that the two respondents, Corris Mitchell and Linnie Cooper, were his lawful heirs, and therefore it is denied that they are entitled to share in the partition of this property.

"It is admitted that William Mitchell was divorced from his first wife, and that, by his second wife, Ellen, he had one child, William.

["It is admitted that both of the other respondents, Corris and

Linnie, were born out of lawful wedlock. That is, they were born before William Mitchell, Sr., married his second wife.]

"The statute of this State provides, so far as is material to this case, that :

" 'An illegitimate child is the heir of any person who acknowledges himself to be his father, in writing signed in the presence of, and attested by, a competent witness.'

"Now, gentlemen, two documents have been read here, the execution of which is admitted, and I instruct you that they both bear a sufficient acknowledgment on the part of William Mitchell to comply with the provision of the statute which I have just read."

The statute further provides :

" 'And if his parents intermarry and have other children before his death, or after his father so acknowledges him, or adopts him into his family, he shall inherit from his lineal and collateral kindred, as if legitimate ; but not otherwise.'

["Now, gentlemen, from the admissions, and from the two documents which are admitted, and which I am of opinion are sufficient to acknowledge the paternity of these children, I instruct you that they are entitled to share in the partition of this land, 'if their parents intermarry and have other children before their death, or their father so acknowledges them or adopts them into his family.'  So I do not suppose there is any controversy about the facts, and under these rulings of law you will answer these questions] :—

"Of what share, in the land described in their petition, is each of the petitioners seized ?  Of course, if they all have a share, they would be seized each of one eighth ; if only six of them, they would be seized each of one sixth."  .  .  .

The petitioner also excepted to the admission in evidence of the two documents referred to in the charge.

*C. B. Donworth* and *A. MacNichol*, for petitioners.

All the testimony and every presumption applicable to the facts proved point to the lawful birth of both respondents. The onus is on them to prove their illegitimacy. Whart. Ev. § 1298, and cases cited : *Hemmenway* v. *Towner*, 1 Allen, 209 ;

2 Stark. Ev. (Ed. 1826) 218; *Bury* v. *Phillpot*, 2 Myl. & K. 349; *Sullivan* v. *Kelly*, 3 Allen, 148. Counsel also cited: Whart. Ev. § § 608, 1299; Bishop Mar. & Divorce, § § 447, 448; *Phillips* v. *Allen*, 2 Allen, 453; Schoul. Dom. Rel. 306; Greenl. Ev. (Ed. 1842) § 28; *Haddock* v. *Boston & Maine R. R.* 3 Allen 300; *Bowles* v. *Bingham*, 2 Munf. 442; *Egbert* v. *Greenwalt*, 44 Mich. 245; *Goodright* v. *Moss*, Cowp. 591; *Northrop* v. *Hale*, 76 Maine, 313.

The written acknowledgments of William Mitchell are not admissible for the purpose of proving illegitimacy. Such instruments are creatures of the statute and must be limited in their effect to the purpose for which they were designed. Their object is just what their name implies and their sole office is to locate the paternity of illegitimate children. They possess no intrinsic evidence of illegitimacy and are wholly without evidential force until the spurious origin of the alleged illegitimate child is proved *aliunde*. Their admission for the purpose of establishing illegitimacy would be a gross violation of the strongest rules of evidence. They are not admissible as hearsay testimony. The declarations of an alleged father, as to the paternity of his illegitimate child, are inadmissible to show pedigree and ought to be rejected. Family declarations are admissible to show pedigree only when it appears by evidence *dehors* the declarations, that the declarant was lawfully related by blood or marriage. But the declaration must come from one lawfully related.

*J. F. Lynch*, for the two respondents, cited: 2 Whart. Ev. 1122; *Howe* v. *Howe*, 99 Mass. 88; *White* v. *Loring*, 24 Pick. 319; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *Hodges* v. *Hodges*, 2 *Id.* 455; Wash. R. P. (4th Ed.) 497; *Winslow* v. *Kimball*, 25 Maine, 493: *Gaines* v. *New Orleans*, 6 Wall. 642; 1 Greenl. Ev. § 106; 3 Stark. Ev. pp. 1099, 1114.

DANFORTH, J. The only question at issue in this case is whether the two female respondents are the legal heirs of William Mitchell, deceased, under whom all the parties claim.

If so, the petitioners will be entitled to one eighth part each in the premises described in their petition, instead of the one sixth claimed.

These two respondents do not claim as the legitimate children of the decedent, but as illegitimate, adopted and made his heirs by virtue of the provisions found in R. S., c. 75, § 3. Whether their rights depend upon the statute cited, or the amendment found in chapter fourteen in the acts of 1887, or whether the heirship depends upon the subsequent marriage, or the written acknowledgment of the decedent, is immaterial as bearing upon the question now raised. In either case it must first appear that the child is illegitimate. The statute does not, nor does it purport to act upon any other. Nor does the subsequent marriage, adoption or acknowledgment have any tendency to prove this fact. Whatever may be the effect of the acknowledgment in showing the paternity of one proved to be illegitimate, it can not be taken, as proof of the illegitimacy.

This case presents a good illustration of these principles. If these two respondents were the children of the decedent, they were undoubtedly illegitimate. But the proof is very strong that one at least was born while the mother was in wedlock with another man, and under circumstances showing that the husband might have been the father. Hence the child was born in wedlock and the presumption of legitimacy is so strong that it can not be overcome by proof of the wife's adultery while cohabiting with her husband, much less by the mere admission of the adulterer. *Hemmenway* v. *Towner*, 1 Allen, 209, and cases cited.

Hence this fact of illegitimacy was for the jury upon the testimony in the case. But the court took it from them, assuming that the admitted fact that the children were born before the marriage of the mother with the decedent, was sufficient to make the written acknowledgment effectual in establishing their claims as heirs. This was error.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.