ELLEN H. PARKER ET AL.

APPELLANTS FROM DECREE OF JUDGE OF PROBATE

IN RE: ESTATE OF MILES ROBINSON PARKER.

Androscoggin.     Opinion, September 10, 1940.

*Seth May*, for appellants.
*Clifford & Clifford*, for appellees.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J.    Ellen H. Parker, the widow of Miles R. Parker, was appointed administratrix c.t.a. of his estate by the Probate Court for the County of Androscoggin. Miles R. Parker had been previously married to one Geneva Owen Parker, against whom he filed a divorce libel on December 22, 1924, alleging as a cause for divorce cruel and abusive treatment. A decree of divorce was entered at the September Term, 1925, of the Supreme Judicial Court for the County of Androscoggin. Previously on July 26, 1925, a child

had been born to the wife and was named Miles R. Parker. October 6, 1925, Miles R. Parker executed his will under the terms of which he left his entire estate to his mother, Etta Merrill Parker. In this will he recited the fact that he had been divorced on October 1, 1925, from Geneva Owen Parker who had prior to the filing of the decree given birth to a male child described as "Miles Robbins Parker." The testator's mother died in April, 1935. He married the appellant, Ellen H. Parker, May 8, 1926 and died November 7, 1937, without having changed his will. The widow claimed her distributive share. She was appointed administratrix c.t.a., and on the settlement of her final account filed a petition setting forth that there remained in her hands for distribution the sum of $2,328.59. Of this amount she claimed to be entitled to one-half, or $1,164.30; she asked that the balance be divided equally between three uncles and an aunt of the testator. A decree was entered ordering that two-thirds of the balance in the hands of the administratrix, or $1,552.40, be paid to Miles R. Parker, the son of the testator, and the balance of $776.19 be paid to the widow, the appellant. From this decree the widow and the other heirs enumerated in her petition for distribution filed notice of appeal. An appeal bond was filed only by Ellen H. Parker and her appeal was the only one properly before the Supreme Court of Probate. It is sufficient, however, to dispose of the issue raised, which is whether Miles R. Parker, born July 26, 1925, was the son of the testator or was illegitimate.

The case with the consent of the parties is before this court on report under a stipulation and an agreement that the testimony and exhibits presented at the hearing before the Judge of Probate on the allowance of the will, with the exception of the testimony of O. E. Hanscom, shall be a part of the report.

The appellant contends that the child is not the son of the testator. As a basis for her claim she says that the mother made two different statements as to when the child was begotten, one that it was while she was living in Greene in September, 1924, and the other that it was in October, also that she told a Mrs. Trask on December 1, 1924, that she had been carrying the child three months. The appellant calls attention to testimony showing that the wife left her husband the first part of September; that she kept company with another man; that she was seen with this man in September and

October under circumstances claimed to be compromising; that she did not notify her husband of the birth of the child; that in a divorce libel which she filed she did not ask for support of the child; that the testator had claimed that it was not his child; that neither she nor Vallerand, her second husband, ever made any request of the testator for support for the child. The appellant argues that this evidence is sufficient to overcome the presumption that the child, though born in wedlock, was the child of Miles R. Parker, the testator.

The presumption that a child born during wedlock is the child of the husband and legitimate is one of the strongest known to the law, and in the words of Cardozo, C. J., "will not fail unless common sense and reason are outraged by holding that it abides." *Matter of Dindlay*, 253 N. Y., 1, 8, 170 N. E., 471; *Hubert* v. *Cloutier*, 135 Me., 230, 194 A., 303. Proof of the mother's adultery is not in itself sufficient to rebut it. *Grant* v. *Mitchell*, 83 Me., 23, 21 A., 178.

The evidence, which it is claimed by the appellant in this case rebuts the presumption, utterly fails to do so, even if we disregard the controverting testimony which shows that after the wife left her husband and returned to her father's house the husband visited her on a number of occasions during September, October, November and December, 1924, that they were on terms of friendly intimacy, and that he stayed there during a part at least of several nights. And in addition there is the testimony of the wife herself that her husband did have access to her during such time. Not only is the presumption of legitimacy not rebutted but the evidence taken as a whole tends to establish that the boy born July 26, 1925, was in fact the child of Miles R. Parker.

> *Case remanded to the Supreme Court of Probate for the entry of a decree denying the appeal of Ellen H. Parker and affirming the decree of the Probate Court.*

BARNES, C. J., having retired, did not join in this opinion.